UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| MARCO MICHAEL MARTOCCIA,<br><br>                              Plaintiff,<br><br>          -against-<br><br>TURKISH AIRLINES,<br><br>                              Defendant. | 25-CV-2211 (LTS)<br><br>TRANSFER ORDER |

LAURA TAYLOR SWAIN, Chief United States District Judge:

Plaintiff, who resides in Utica, New York, brings this action *pro se*. For the following reasons, the Court transfers this action to the United States District Court for the Northern District of New York.

## DISCUSSION

Under the general venue provision, a civil action may be brought in

> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391.

For venue purposes, a "natural person" resides in the district where the person is domiciled, and an "entity with the capacity to sue and be sued" resides in any judicial district where it is subject to personal jurisdiction with respect to the civil action in question. *See* 28 U.S.C. § 1391(c)(1), (2).

Plaintiff indicates that he resides in Utica, New York, which is in Oneida County, in the Northern District of New York. 28 U.S.C. § 112(a). Plaintiff alleges that he purchased a ticket

from Turkish Airlines, months in advance, for a flight on June 2, 2024, from San Salvador to Bishkek, Kyrgyzstan. Plaintiff further alleges that he was denied boarding "caused by the airline's software malfunction and poor customer service."[1] (ECF 1 at 5.) He sues Defendant Turkish Airlines, for which he provides an address in Virginia. (*Id.* at 4.) The complaint does not mention any events that took place within this district, or any party that resides in this district, and it therefore unclear whether venue lies in this district.

Plaintiff invokes the Montreal Convention as the basis for his claims.[2] The Montreal Convention provides that actions under the Convention must be brought "before a court of the carrier's domicile or the carrier's principal place of business, the place where the contract was made, or the place of destination of the passenger." Montreal Convention, Art. 33(1). Here, Plaintiff alleges that Defendant's place of business is Virginia and that his destination was outside of the United States. His contract, that is, his ticket purchase, was arguably made in Oneida County, New York, where he resides. Venue of Plaintiff's claim under the Montreal Convention therefore appears to be proper in the Northern District of New York, where his contract was apparently made.

Even if venue is proper in the district where a case is filed, a court may transfer the case "[f]or the convenience of parties and witnesses, in the interest of justice" to any other district where it might have been brought. 28 U.S.C. § 1404(a). In determining whether transfer is appropriate, courts consider the following factors: (1) the convenience of witnesses; (2) the

---

[1] Plaintiff seems to indicate that he was denied boarding in Panama City, though he states that his ticket was from San Salvador to Kyrgyzstan – not Panama.

[2] "Article 19 [of the Convention] provides for carrier liability occasioned by delay in the carriage of passengers, baggage or cargo . . . .'" *Weiss v. El Al Israel Airlines, Ltd.*, 433 F. Supp. 2d 361, 365 (S.D.N.Y. 2006), *aff'd sub nom. Weiss v. El Al Israel Airlines*, 309 F. App'x 483 (2d Cir. 2009).

convenience of the parties; (3) the locus of operative facts; (4) the availability of process to compel the attendance of the unwilling witnesses; (5) the location of relevant documents and the relative ease of access to sources of proof; (6) the relative means of the parties; (7) the forum's familiarity with the governing law; (8) the weight accorded to the plaintiff's choice of forum; (9) trial efficiency; and (10) the interest of justice, based on the totality of circumstances. *Keitt v. N.Y. City*, 882 F. Supp. 2d 412, 459-60 (S.D.N.Y. 2011). A plaintiff's choice of forum is accorded less deference where the plaintiff does not reside in the chosen forum and the operative events did not occur there. *See Iragorri v. United Tech. Corp.*, 274 F.3d 65, 72 (2d Cir. 2001).

      Here, Plaintiff does not reside in this district or indicate that any of the operative events took place in this district, and his choice of this forum is thus entitled to less weight. Although Plaintiff indicates that Defendant is in Virginia, it is not clear that Virginia would be a convenient forum for the *pro se* Plaintiff. The Northern District of New York appears to be a proper venue, either under Section 1391(b)(2) or the Montreal Convention, based on the location where Plaintiff entered into a contract with Defendant. Accordingly, in the interest of justice, the Court transfers this matter to the United States District Court for the Northern District of New York.

## CONCLUSION

      The Clerk of Court is directed to transfer this action to the United States District Court for the Northern District of New York. Whether Plaintiff should be permitted to proceed further without prepayment of fees is a determination to be made by the transferee court. A summons shall not issue from this Court. This order closes the case in the Southern District of New York.

The Court certifies, pursuant to 28 U.S.C § 1915(a)(3), that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated:   March 18, 2025
            New York, New York

                                          /s/ Laura Taylor Swain
                                            LAURA TAYLOR SWAIN
                                       Chief United States District Judge